1

2

3

4

5

6 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
7 AT SEATTLE

8 LAMONE T. BLUE,                          )
                                          )
9              Plaintiff,                  )      Case No. C05-0315-TSZ-JPD
                                          )
10      v.                                 )
                                          )
11 C/O TABATHA DAVIS, et al.,              )      ORDER OF DISMISSAL
                                          )
12             Defendants.                 )
   _____)

13

14 The Court, having reviewed plaintiff's proposed civil-rights complaint, the Report and

15 Recommendation of Judge James P. Donohue, United States Magistrate Judge, the objections thereto,

   and the remaining record, does hereby find and ORDER:

16

17      (1)    The Court adopts the Report and Recommendation with the following additional

18             supplemental analysis relating to the claims against Davis and Lopez for interference

19             with access to religious services.  Plaintiff has also failed to establish any substantial

20             burden on the free exercise of his religion.  See Freeman v. Arpario, 125 F.3d 732, 736

21             (9th Cir. 1997).  To establish the existence of a substantial burden, a plaintiff must

22             show more than mere inconvenience.  "In order to reach the level of a constitutional

23             violation, the interference with one's practice of religion must be more than an

24             inconvenience; the burden must be substantial and an interference with a tenet or belief

25             that is central to religious doctrine."  Freeman, 125 F.3d at 737 (internal quotations

26 ORDER

omitted) (dismissing inmate's free exercise claim because, although the interference may have been inconvenient, it did not prevent him from participating in the mandates of his religion).  Additionally, the alleged interference should be more than an isolated incident or short-term occurrence.  See Canell, 143 F.3d at 1215 (dismissing inmate's free exercise claim in part because "the intrusions were relatively short-term and sporadic and did not constitute a substantial interference." (internal quotations omitted)).  Even accepting all of Plaintiff's allegations as true, Plaintiff failed to establish any constitutional violation;

(2)     Defendants' Motion for Summary Judgment (Dkt. No. 47) is GRANTED;

(3)     Plaintiff's 42 U.S.C. § 1983 complaint (Dkt. No. 8) is DISMISSED with prejudice as to all defendants; and

(4)     The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable James P. Donohue.

DATED this 25th day of May, 2006.

Thomas S. Zilly
United States District Judge

ORDER